Date signed March 19, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| ENRICO GRIEGO CAPERAL : | Case No. 08-25742PM |
| ROSELL ENRIQUEZ CAPERAL : | Chapter 7 |
| : | |
| Debtors : | |

### MEMORANDUM OF DECISION

Before the court is the Debtors' Motion to Vacate Discharge Order to enable them to reaffirm the debt secured by a 2007 Chrysler Pacifica. The Motion states that "Debtors do not want to incur the cost of litigating whether the mere fact of filing bankruptcy and refusal to reaffirm a debt gives that creditor the right under Maryland law to repossess their vehicle although there is no other default."

This bankruptcy case under Chapter 7 was filed November 26, 2008. Debtors' Statement of Intention, filed pursuant to § 521(a)(2), stated that "Debtor will retain collateral and continue to make regular payments." Section 521(a)(2) states:

**11 USC § 521. Debtor's duties**

(a) The debtor shall--
  (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate--
    (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to

        the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that debtor intends to reaffirm debts secured by such property;

        (B) within 30 days after the first date set for the meeting of creditors under section 341(a) or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph.

        (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h).

The court agrees with the overwhelming majority of courts that have dealt with this issue and finds that it lacks authority to ignore the statutory direction of 11 U.S.C. § 524(c) that reaffirmation agreements must be made prior to the entry of discharge; otherwise they are unenforceable. *See In re Huffman*, 2007 WL 1856770 (BC M.D.N.C.); *In re Carrillo*, 2007 WL 2916328 (BC Utah), and the cases cited in those opinions.

An appropriate order will be entered.

cc:
Robert Haeger, Esq., 9535 Fern Hollow Way, Gaithersburg, MD 20886
Enrico/Roselle Caperal, 154 Gibbs Street, Apt. 204, Rockville, MD 20850
Michael G. Wolff, Trustee, 15245 Shady Grove Road, Suite 465, Rockville, MD 20850

**End of Memorandum**